All right, the next case that we'll be hearing today is General Star National Insurance Company v. MDLV LLC. All right. Ms. Ebenfeld. Ms. Ebenfeld, whenever you are ready, you may proceed. Ms. Ebenfeld, you may proceed. Ms. Ebenfeld. May it please the court, counsel. My name is Cindy Ebenfeld. I'm with the law firm of Hicks, Porter, Ebenfeld & Stein, and we represent the appellant. Today, General Star National Insurance Company. This is an appeal from a decision of the Southern District of Florida holding that General Star had a duty to defend MDLV LLC doing business as One Sotheby's International Realty, which I'll refer to as One Sotheby's, as we did in the brief. In a case filed by a real estate holding company named Heliac, Inc., arising out of the sale of a condominium in the St. Regis building in Vile Harbor and a real estate broker named Gleb Kleiner, who converted the sale proceeds. The lower court interpreted two exclusions in the General Star policy so narrowly that it eviscerated their plain language and the intent of the policy. Therefore, General Star is asking this court to reverse the judgment on the pleadings for One Sotheby's and remand for entry of summary judgment or judgment on the pleadings holding that there is no duty to defend. Would the court like a brief recitation of the facts? I think we're familiar with the facts. Okay, great. First, the conversion exclusion bars coverage for all five counts in the complaint that Heliac filed against One Sotheby's, including counts one and three, which seek to recover market value damages, meaning the difference between the sale price of the condo and the market price, and the converted sale proceeds. One and three were the only ones that Heliac sought as a basis for defense, correct? I'm sorry, One Sotheby's sought for defense, correct? Correct. One Sotheby's position was that there might be a duty to defend based on the allegations of count one or three. One or three. One or three, correct. Let's focus on those. We focus on those, correct. Thank you, Your Honor. Turning to, first, the conversion exclusion, under its plain language, the market value damages do not have to arise out of a conversion. This was a mistake made by the district court. The issue is whether they arise out of a dispute involving conversion as the exclusion is written. So... How does this dispute in count one and three involve conversion? In count one... Okay, first of all, this complaint alleges a scheme by Mr. Kleiner, the realtor, to divert the proceeds of a sale and contains 50 paragraphs documenting that scheme, which are incorporated into each count of the complaint. And then, in count one... What was the scheme? The scheme was that Mr. Kleiner represented to Heliac, which was owned by two Russians who lived in Russia, that the real estate market was going to crash, that they had to sell this condo right away or they were going to lose a ton of money, and the other part of the scheme was he set up the closing documents and the banking documents such that Mr. Kleiner was the only one who could deposit the proceeds and sign the closing papers. And so, based on this scheme, he worked it out so that the money for the sale of the condo of 4.2 million would go into his account and he never transferred it to the operating account of Heliac and the complaint alleges that he admitted he converted the funds and it also alleges that he never returned the funds. And those allegations are incorporated into every single count, including count one, which is for negligent misrepresentations. And so, that alleges that one Sotheby's is vicariously liable for the negligent... I'm sorry to interrupt, but as I understand the district court's order, what the district court said is because arising out of essentially requires an arising from or resulting from, here, the scheme didn't result from the conversion or it may not have or it's possible it didn't because the conversion happened at the end. This could have resulted from other things or arose out of other things. And so, why is that reasoning wrong? Why is that, especially given the sequence of how all this happened? That reasoning is wrong because the conversion exclusion precludes coverage for, quote, if based on or arising out of any dispute involving any insured fees, commissions or charges or the conversion, misappropriation, commingling or embezzlement of funds. So, the district court too narrowly construed that language to leave out some of the wording, to leave out involving... So, the district court is your understanding or your argument is that the district court essentially read it to be arising out of the conversion, the claim had to arise out of the conversion. Exactly. As opposed to arise out of a dispute that involved conversion. Exactly. And just like dealing with the sentencing guidelines this morning or other statutes this morning, an insurance policy has to be read as a whole under its plain language and you don't, it's not proper to read words out of an insurance policy. I realize that the law is that you have to construe the plain language of the policy based on the allegations of the complaint, but you can't leave out the words involving and also involving any insurance commission. Clearly, this whole scheme involved an insurance commission and... Was that argument made, the commission and fee part of that provision, was that made to the district court below? Yes, because... Well, I know that the exclusion was argued, but I thought it was the conversion part of it that was argued. Can you point me to somewhere in your judgment of the pleading or summary judgment papers where you pointed to that this being involving a commission or a fee and thus the exclusion applied for that reason? Can I address that on rebuttal, Your Honor? Sure. And I will look for that. I don't want to waste the court's time. Oh, I appreciate that. Looking for it right now, but I'll make a note of it. But even if it had to arise out of any dispute involving conversion, again, this whole dispute involved a conversion. Except here's the problem with that. There's a point in the complaint where the plaintiff alleges that... Well, not the plaintiff, Heliac, alleges that one Sotheby and Kleiner, quote, as its sales associate, intended and expected Heliac to rely on Kleiner's misrepresentations to induce Heliac to sell the St. Regis condo and consequently collect a commission from the sale of the St. Regis condo as soon as possible. And the conversion doesn't come until after that happens. And so, I mean, there is the one earlier $10,000 one, but that is not addressed in this aspect of the complaint. And so, in other words, the wanting to collect a commission as soon as possible being the motivating reason for the alleged lies or inflations or whatever we might want to say is different from involving conversion. Why isn't that the case? Well, that's where the future value exclusion comes into play, Your Honor, because the future value exclusion precludes coverage for any claims based on or arising out of any guarantee or promise of future status, performance, or valuation in the course of performing... Where is the guarantee or promise? There's no question that statements were made, but, I mean, guarantee and promise seem like they have specific meanings. They do have specific meanings, Your Honor, and the allegations of the complaint fall exactly within those meanings. The promises were, one, that the Miami Beach real estate market was on the verge of a crash. How is that a promise? I promise you it's on the verge of a crash. I guarantee you if you don't sell your condo, the market's going to crash and you're going to lose money. That's exactly what's alleged. Just because the word promise or the word guarantee isn't in the complaint, that doesn't mean the exclusion doesn't apply. You can't just avoid buzzwords and plead the same thing in substance and avoid the operation of an exclusion. I guess that doesn't make sense to me because there's no way that any reasonable person would believe that Kleiner had control over either of those things. It wasn't within his control to ensure that the market was going to crash. It's clearly a prediction and not a guarantee or a promise the way I think it would be considered in ordinary English. Maybe I'm missing something, which is why I want to give you the chance to address it. Right. Well, it's also alleged that Kleiner said that $4.2 million was the most that Heliac could obtain for the St. Regis condo. Now, Heliac is a realtor. He's in a fiduciary relationship with these Russians who own a company. They don't know what the real estate market is in South Florida. They rely on his expertise, and he made all these guarantees to them. Again, insert the word, I guarantee you $4.2 million is the most that you could obtain for the St. Regis condo. He's guaranteeing them. He's promising them this will happen. The exclusion doesn't say it has to be a legally valid promise. Again, it seems like it's a prediction and not a guarantee or a promise. But this is a real estate errors and omissions insurance policy. If you're excluding coverage for any promises or guarantees regarding future value, what does that mean? That means exactly this case. I guarantee you. I mean, you could say predictions, right? You could say predictions in the clause. Did you say predictions? No. But if you look at the definition of guarantee and promise, and Kleiner used definitive words like urgently. It's imminent. His statements qualify as guarantees and promises, even if they were advice. Hold on. I want to explain the definitions to the court. Okay, a promise is, according to Merriam-Webster's dictionary, a legally binding declaration that gives the person to whom it is made a right to expect or to claim the performance or forbearance of a specified act. Reason to expect something is an independent definition of promise. Well, didn't his representations give one Sotheby's a reason to expect that they better sell this condo quick or they were going to lose money? Of course it did. Can you read the rest of it after reason to expect? Reason to expect something. That's the definition. The rest of the definition. To pledge to do, bring about, or provide. To warrant, assure, and to give ground for expectation. Be imminent. There was another part of the definition which I think you might have missed. An act. Something about an act. The first definition was a legally binding declaration that gives the person to whom it is made a right to expect or to claim the performance or forbearance of a specified act. Yes, and that's the problem here, right? Because Mr. Kleiner has no ability to, you know, to act to make the market crash or to act to make sure that the highest amount of money that can be received is $4.2 million. Maybe he puts it on the market for $4.2 million and someone, you know, because it's a crazy market and especially at that point in time, you know, maybe things go nuts and he winds up getting a bid for $5 million. I don't know. He can't control those things. And so it doesn't seem like it really meets the definition of what we think of when we think of a promise or a guarantee. Your Honor, my time is up. May I just answer that? Yes, please. Okay. Merriam-Webster's dictionary defines a guarantee as an assurance for the fulfillment of a condition or to assert confidently. Okay, so you would concede, though, that it doesn't meet the definition that includes the part about act. Absolutely not. The definition says it is made, it gives the person to whom it is made a right to expect the performance of a specified act. Right. He gave one Sotheby's the right to expect a specified act, that he would sell the condo if they would put it on the market right then and there, that it would sell quickly and it would sell for a good price, and that if they waited, it would not sell for a good price. That's exactly within the definition of promise. All right. Thank you. Thank you. Mr. Marino. Good morning. It may please the Court, Steve Marino on behalf of MDLV, which we've been calling One Sotheby's. Counsel started by saying this is a case arising out of the sale of a condominium. She is correct. There were a number of things that flowed from that, and the District Court and the Federal Magistrate parsed those out because Counsel also talked about the market value damages. The standard of review here is de novo, and it needs to be, because if it was abuse of discretion, we wouldn't be here. Because the analysis of these issues is done on a, is there more than one reasonable interpretation standard? And that's what Judge Goodman did. Can you show me where in Judge Goodman's order, and I want to focus specifically, and I'm just speaking for myself on the conversion exclusion. Can you show me where in Judge Goodman's order he discussed the language, a claim arising from, or based on arising from, a dispute involving a conversion? And I'm focusing specifically on dispute involving. And if you could, in the analysis part of the order, not the part where he just lays out the language. Right, okay. So he lays out the language in paragraph 7, and I believe. And when I said order, I meant his report and recommendation. Of course, Your Honor. He begins his discussion of the future value exclusion on page 15. Not the future value. I'm only talking about the conversion. Oh, the conversion. Okay, and that was the first part of his analysis. And I think that what Your Honor is getting at is there is a reading of the language. And I'll fast forward a little bit because I don't want to take, you have limited time and I don't want to waste it. Yes, Your Honor. Judge Goodman seemed to suggest, and I think if the language had only said this, that the claim arose from, arose out of, or was based on a conversion, that the conversion didn't happen here until afterwards, sort of. It was the last act not arising. The claim didn't arise out of the conversion because the conversion happened at the end. And that makes a lot of sense to me. I think I agree with that if that were it. But the language says claim based on or arising out of a dispute involving conversion. Why did this dispute, meaning count one and count three, as alleged in the four corners of the underlying complaint, not involve, very broad word, conversion? I'm going to give you a roundabout answer and get to the point. Give me the best answer you can. This is the classic, and I say classic because this court has discussed this numerous times in the past 30 years, a number of the cases in which I've been involved. The distinction between a duty to invent, to defend, and a duty to indemnify. And what Judge Goodman did was he looked at it and said, are there some set of facts that could be proven, which would give liability to Juan Sotheby's, vicariously for the acts of arguably a bad actor, that did not involve conversion? And the answer is yes. Well, he didn't say involved. He said, is there, he asked that question, you're right. But he asked it as of arising out of conversion. And I think I agree with him that the complaint could be read in a way that would, the claim would not arise out of conversion. But I guess my question would be focusing on that is, tell me the set of facts as alleged in the four corners of the complaint where this dispute does not involve broadly, dispute broadly, involve broadly, conversion. I think that's why he made the temporal analysis. Under the exclusion, under any part of this policy, if based on or arising out of the following. So B is exclusions, and then he goes down to A2. It says any disputes involving any insured fees, commissions, comma, or, and there's some other things, comma, or the conversion, misappropriation, commingling, or embezzling of funds or other property. And he highlighted, he bolded that in his order. So he's saying the comma space or separates the disputes involving a fee that is owed as opposed to a conversion. Okay. So as I understand it, and I think we're getting somewhere. So you're making a textual argument to us based on the contract language that dispute involving part doesn't apply to conversion. It does apply to the first part of that paragraph. Yes. Any disputes involving any insured fees, commissions, or charges, or the failure to pay or collect premiums, or escrow, or tax money. That's one clause. And then it says or. Or, and that's what Judge Goodman did too. He said, look, that first clause, that deals with one type of animal. You know, we have a dispute because I didn't pay your fee, or there's some commission issue here. Or bad acts. Conversion, misappropriation, commingling, or embezzlement. That's a separate animal. Okay. So assume for the moment I don't agree with the reading you just gave it, that you impart to Judge Goodman. Assume I don't agree with that. Would you lose? No, because. Why not? Because. In other words, assume I think, or I read it, or the reasonable reading of that provision, it does say claim based on or arising out of a dispute involving conversion. Two-step answer. One is, I would say, well, I respectfully disagree. It does not mean that my reading, or Judge Goodman's reading, or Judge Moreno's reading is not equally reasonable. And when you have more than one reasonable interpretation, the tie goes to the policy. Okay. Assume I believe, I don't find it to be ambiguous, and the plain language is read exactly as I read it to you. So how do you win? Because there are a set of facts that could be proven and may still be proven because the case is going on. And, again, that's the distinction between defense and indemnity. Defense, you look at what could be possibly proven. Indemnity, you base on what was proven at trial in a set of facts. There are a set of facts that were articulated in the complaint, paragraphs 52, 55, 56, 59, 60. Each addendum clause in counts one and three talk about separate and distinct damages that were suffered, and some of them, as counsel indicated, were the market value damages. Certainly, at the end of the day, the damages awarded may not include conversion, but how does the dispute itself not involve a dispute to convert the proceeds? The whole concept of this is I lied to the guy to get him to pay the money so the money could end up in my bank account. That is one reading. However, remember, we have two different people here. We have a bad actor and we have my client, the insured, and there's parts of the policy that say any insured or an insured, and there are parts, like in these exclusions, that say the insured, meaning the first-named insured. So there is an obvious set of facts where a jury could say one Sotheby's had nothing to do with the conversion. Any liability we find... Let me be clear. Do you agree the insured includes the employees of the insured? An insured. If you read the policy, it has an insured, but only if they're acting in performance of professional services for the insured identified in Sections B or C. Doesn't the insured include the employees of the insured? A salesman, Mr. Kleiner, is an employee, but only while performing professional services for an insured identified, the insured identified in B or C, which is one Sotheby's. He is not, he is outside the scope, and I don't think there's allegations that he's within the scope when he's converting money. So there are a set of facts that could be proven... He did it as part of the closing process. I mean, that was the scheme. He used his knowledge of the closing process to get him to put it in an account for which he had direct control over. Right, but he didn't put it into one Sotheby's account. He didn't include one Sotheby's. He was outside his role. He was even outside his role for one Sotheby's when he was managing their property for $250 a month prior to and up to that. So a jury could find that one Sotheby's is only liable for vicarious failure to train and failure to supervise Mr. Kleiner, which resulted in the loss of the market funds. Is part of the way... I guess part of the way I had been looking at it, but maybe I've missed something here, is that a dispute can be a series of disputes. And so perhaps one of the disputes that Heliac has with your client is that Kleiner converted the funds. But maybe a different dispute that Kleiner... that Heliac has with your client is that Kleiner... that Kleiner coerced your client... I'm sorry, coerced Heliac into selling at that time because he wanted to get an immediate commission, which would have nothing to do with conversion. Is that right? Yes, ma'am. And so if there can be multiple disputes within a lawsuit and one is covered and one is not, the duty to defend requires coverage. Isn't that right? Correct. And that's what the Guide 1 versus Old Cutler Presbyterian Church talks about. Very different circumstances and terrible circumstances, but the court parsed out the excluded sexual act activities, which occurred all during the same continuum. Here we have a series of events that happens across time and follow the other rather than happening simultaneously, but the court found there was a duty to defend and there was coverage for the church for events that happened that were of a non-sexual nature while the other acts were going. So I would turn the court to its decision in Guide 1 Elite Insurance Company versus Old Cutler Presbyterian. Every decision that the insurance company here cites to is a district court decision where everything, all the damages arose out of one act, like in Fenstersheib. Fenstersheib was one of our cases where everything arose because there was a bad actor at the law firm and he was stealing money. So whatever damages, whatever they called it, it was all damages arising from you stole money from me and that's what the court found. The same thing with the boxed beef case, Colorado boxed beef. District court said, look, there's an exclusion for security sales and everything that happened here, every allegation goes to because you did this, we bought your securities and I'm sure the court has seen over the post-2008 crash, a lot of brokers got sued for you gave me advice to buy this and it turns out it was a Ponzi scheme. It doesn't mean that you were ill-intending. So I think the court has to keep in mind that there are two insureds here or there is a bad actor who would be an insured to the extent he was performing professional services but the insured here is only vicariously liable and there are facts alleged that there are a series of events and as Judge Goodman aptly observed, the last part couldn't happen without the first part and in COVID, predicting the stock market crash, predicting the real estate market crash, predicting all that, that was not necessarily a crazy idea. The complaint alleges a series of communications. He wanted them to sell for 3.8 and the HILIAC people said, no, that's too little. So he came back with another offer later for 4.2 and they said, okay, you've convinced us. There are no allegations that up to that point, there was anything but a misunderstanding of the market in play. Later on, when he goes on to appropriate the closing funds, I understand the court's concern about ultimately, there is a series of bad acts but that's not what gives rise to the duty to defend. What gives rise to duty to defend is a claim for damages that would occur independent of whether or not those funds were converted. HILIAC could still make their arguments as to one Sotheby's if they had gotten their 4.2 million, their percentage of it and said, wait a second, we realize now it's worth 4.7 or 5. You gave us bad advice. We're bringing the same lawsuit just without the conversion and that's the distinction here is that there are, as this court found in Guide 1, there are acts happening potentially at the same time but having different results. Counsel, imagine if a contract of some sort said, and I don't know why this would ever happen, but if a contract of some sort said that your vacation must not involve or should not involve or cannot involve or no vacation involves going to Miami and you had a vacation that started in Pensacola and stopped in Jacksonville and went to Tampa and Orlando and you spent a few days in each and did places in each and then went to Miami. Would your vacation involve going to Miami? I mean, I think the way you phrased it, you know what the answer is and I think it would involve in some way. Isn't that how we read dispute involving conversion? If the dispute involves conversion in some way just because it involved lots of other bad things and didn't involve conversion? No. Can you tell me why not? Sure, because there are separate and distinct damages apart from the conversion that would exist in the absence of conversion. So therefore, it can't involve conversion because it's not in any way dependent or affiliated with. I mean, let me ask it to you this way. Would the answer be different if instead of saying your vacation cannot involve going to Miami, it said... In any way include. Vacations, any vacations, any vacation. The company has no obligation under this policy to pay damages or claim expense, claims expenses or provide a defense in connection with any claims under any part of this policy if based on or arising out of any vacations involving going to Miami. But you have a vacation to Pensacola and then you have a vacation to Miami. Would you still be entitled to a defense for your vacation to Pensacola? Not a discussion of my vacations here. I'm just trying to... I think it depends on the context. If I never get to Miami, if there's nothing about what happened to me on the way to Pensacola that involves Miami, then I would think arguably not. I think that's what Guide 1 talks about is just because things happen at the same time. But also if you look at the distinction between counsels pointing to the words, a specific arising out of or involving, and then there's the comma and the or clause issue. But the cases they all point to, like Fenstersheib, like Box Beef, they have broader language. They have additional arising out of or in any way related to or in any way involving or, and there's an or and there's more language, which makes it broader. And I think Judge Goodman, I've read so much in the past 24 hours, I may be speaking and I apologize, but I think Judge Goodman talked about that too, that your language sort of stops here. But again, with respect to Judge Luck's question, I don't think Judge Goodman said, although he could have, Marino's right and the insurance company's very wrong. He said both make a compelling argument, but I think that because both make a compelling argument, the law in this circuit requires me to say if there are more than one reasonable interpretation, then you have to interpret the policy broadly in favor of coverage, and you have to interpret exclusions narrowly, and if you wanted to use better and more specific words, you can do so. And that's the gravamen of this appeal. It starts with their request for oral argument because they're complaining that, well, we didn't write it in a way that convinced two judges, so we'd like you to fix that for us rather than just have us fix our language. All right, thank you very much, counsel. Thank you, Your Honor. Ms. Ebenfeld, you've reserved two minutes for rebuttal. First, I will address, I believe it was Judge Newsom's question about our allegations regarding the commissions and fees. We do cite the entire exclusion and make that argument in our complaint, which is at docket entry 47 on page 11, and also in our motion for partial summary judgment on page 13, docket entry 83, we talk about the fact that this clause deals with financial dishonesty, and that's the whole intent. And we're not asking the court to rewrite our policy. We're certainly not asking that the court do that. Our position is that our policy is very clear and that it's very broad, and that it encompasses both the damages sought for converting the sale proceeds and the market value damages sought in the case because it is one overriding scheme to defraud and embezzle from this client of the realtor. The exclusions say that the company has no obligation under this policy to pay damages or claims expenses or to provide a defense in connection with any claims  commissions or charges, the failure to pay or collect premium, escrow or tax money, or the conversion, misappropriation, commingling, or embezzlement of funds or other property. That's a very clear exclusion, that any time a case involves the commingling or embezzlement of funds or property, there's no coverage. And the guide one case that my opponent cited has no relevance here because that deals with if claims are covered in part, but then another part is not covered, you have to defend. Or if it's a concurrent cause and one cause is covered, you have to defend. Here, all allegations are not covered because all allegations arise either out of the conversion or the dispute involving conversion or the dispute involving the promises and guarantees as to the future value of the condo. I'm sorry, I just want to ask you one question. I know you're over your time, but I'm just looking at docket entry 47 on page 11, which is, I think, where you directed us to. And after it lays out the policy language, it says, exclusion A-2 precludes coverage for any dispute involving any insured's conversion of funds. Once Sotheby's and Kleiner are insured's under the policy, the underlying lawsuit alleges that Kleiner improperly converted the proceeds from the sale of the property to his own personal use. The underlying lawsuit is thus a dispute involving an insured's conversion of funds. Coverage is accordingly barred by operation of exclusion A-2. So, I am not understanding this to talk about commissions, but it's possible I have missed something here. Is that what you meant to rely on when you said that you talked about commissions? No. What I intended to rely on is the full citation to the exclusion on page 11 of the amended complaint that we filed. The problem is that the full citation of the exclusion itself doesn't tell us what you're arguing. The part that interprets it afterwards tells us the part you're relying on. I mean... Right, and that's why I referred the court also to our motion for partial summary judgment where we talk about the intent of that provision is to exclude disputes involving financial matters between the client and the insured. It doesn't... I don't want to get caught up in whether we raise this... I'm sorry. Well, it's kind of important. What page did you say in docket entry 83? Sorry. Buried my note. Okay. Docket entry 83, page 13 is when we talked about financial dishonesty. And the whole exclusion is for any disputes involving any types of financial dishonesty including over commissions, over conversion of funds. It's talking about criminal conduct and receiving... wanting to close quickly so you can receive a commission, would you agree is not criminal conduct? It is not, but it doesn't have to be criminal. I understand, but what I'm trying to find is where you made the argument here that you were relying on the part of that exclusion that did not deal with criminal acts. Well, again, throughout our papers, we cite the entire exclusion. Okay, so... But we also have the future value exclusion. Okay. So to the extent you're talking about the quick sale and the commission, that was preceded by promises that the market was going to crash and you had to sell and those are the guarantees and promises regarding the future value. Okay. So between the two exclusions, everything in this amended complaint is excluded. Thank you very much. Thank you. All right, counsel. Thank you. An adjournment. Everybody have a nice weekend. You too.